**Susan G. NAGEL, Plaintiff,**

v.

**SYKES REALTY, INC. and Sykes Enterprises, Incorporated, Defendants.**

**No. A1–04–61.**

United States District Court, D. North Dakota, Southwestern Division.

Nov. 16, 2005.

John J. Gosbee, Mandan, ND, for Plaintiff.

Michael D. Malfitano, Tampa, FL, John W. Campbell, Shane A. Hanson, John W. Morrison, Jr., Fleck, Mather & Strutz, Ltd., Bismarck, ND, for Defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

HOVLAND, Chief Judge.

Before the Court is the Defendants' Motion for Partial Summary Judgment filed on May 31, 2005. The Plaintiff has filed a responsive brief opposing the motion. For the reasons set forth below, the Court grants the motion in part.

## I. BACKGROUND

The plaintiff, Susan Nagel, is a former employee of defendant, Sykes Enterprises, Incorporated (Sykes Enterprises), in Bismarck, North Dakota. Sykes Enterprises provides customer care management solutions for companies involved in technical, financial, and communications industries. As part of its operations, Sykes Enterprises maintains a facility in Bismarck, North Dakota. See Declaration of Kenneth Cass, ¶¶ 4–5. Defendant Sykes Realty, Inc. (Sykes Realty), is a corporation in the business of owning real estate and making it available for use by Sykes Enterprises.[1] See Complaint, ¶ 1. Sykes Realty is the owner of the building and property in Bismarck, North Dakota, where Sykes Enterprises is located.[2] Sykes Enterprises is responsible for the operation and maintenance of the building and property. See Declaration of Cassandra Thompson, ¶ 6.

In November 1999, January 2000, and January 2002, during Nagel's employment with Sykes Enterprises, she experienced three separate falls on the Sykes Realty property in Bismarck, North Dakota. Nagel claims to have suffered various injuries as a result of those falls, to include varying degrees of damage to her teeth. See Complaint, ¶ 6.

In November 1999, Nagel fell on snow and ice that had accumulated under a canopy overhanging the entrance to Sykes Enterprises's facility. See Deposition of Susan Nagel, pp. 69–75. The buildup of ice may have been caused in part by a drainage spout affixed to a pillar under the canopy which caused water to accumulate

---

1. Sykes Enterprises and Sykes Realty are related, but are separate legal entities.

2. The building in question is located at 1721 South Sykes Street, Bismarck, Burleigh County, North Dakota.

and freeze. Id. at 61. As a result of this first fall, Nagel claims to have cut her lower lip and damaged sixteen (16) teeth. Id. at 156. Sometime after the first fall, Nagel spoke with former Human Resources Administrator Rene Lafferty regarding her injury.[3] Lafferty allegedly told Nagel that "dental wasn't covered" by workers' compensation, but stated that she could file a claim for her lip injury. Id. at 352. Lafferty allegedly offered Nagel the forms necessary to file such a claim, but Nagel declined.

On January 10, 2000, Nagel was exiting the Sykes Enterprises building and encountered two unidentified males throwing snowballs at one another. One of the men grabbed Nagel by the shoulders and positioned her in front of him so as to shield himself from the incoming snowballs. After a snowball went over Nagel's shoulder and hit the man holding her, he shoved her across a patch of ice into a pillar supporting the canopy overhanging the entrance to the Sykes Enterprises facility. Nagel struck the pillar causing injury to her lip and a cracked front tooth. See Deposition of Susan Nagel, p. 78. The two unidentified males ran off after Nagel fell. Id. at 78–79.

Lastly, on January 16, 2002, at approximately 2:30 a.m., Nagel was exiting the Sykes Enterprises building at the end of her work shift. See Deposition of Susan Nagel, p. 151. It had been snowing over the course of the evening and Nagel had to walk through snow up to her knees to reach the parking lot. She estimated that the height of the snow was approximately two feet. Id. at 404. As Nagel neared the end of the sidewalk leading to the parking lot, she slipped and fell on a patch of ice covered by snow. Id. at 408. The right side of Nagel's face landed on the parking lot pavement knocking out one of her front teeth and shattering three others. Id. at 154 and 415.

Within three days of the third fall, Nagel spoke with former Human Resources Administrator Billie Peltz to obtain workers' compensation forms for her injuries.[4] See Deposition of Susan Nagel, pp. 358–59. Nagel claims that Peltz told her that workers' compensation "doesn't cover teeth." Id. at 187. Subsequent to her discussions with Peltz, Nagel learned from a fellow Customer Support Technician that dental injuries should be covered by workers' compensation.[5] See Deposition of Susan Nagel, p. 353.

On or about February 22, 2002, Nagel filed a workers' compensation claim form for the injuries sustained as a result of the third fall on January 16, 2002. See Workforce Safety and Insurance Order, p. 9. Nagel's claim was initially denied on May 17, 2002, and denied again on reconsideration in an order dated September 26, 2002. See Workforce Safety and Insurance Order, pp. 10–12. On October 29, 2003, Workforce Safety and Insurance (WSI) revoked the earlier dismissal and issued a new order awarding Nagel medical expenses for her non-dental injuries. Id. at 12; see Declaration of Cassandra Thompson, ¶ 9. Nagel appealed the decision, but it was affirmed by WSI on December 22, 2004.[6] Ultimately, Nagel was denied ben-

3. Lafferty was Human Resources Administrator at Sykes Enterprises from 1999–2000. See Declaration of Cassandra Thompson, ¶ 3.

4. Peltz was Human Resources Administrator at Sykes Enterprises from 2001–2002. See Declaration of Cassandra Thompson, ¶ 3.

5. The referenced Customer Support Technician from whom Nagel received the information regarding workers' compensation was John Gosbee, her current attorney. See Deposition of Susan Nagel, pp. 353–54.

6. On December 20, 2004, Administrative Law Judge Joy L. Wezelman issued a decision affirming "Workforce Safety and Insurance Or-

efits for her mouth and dental injuries because WSI determined that such injuries were caused by a pre-existing injury, disease, or other condition for which it was not liable and any damage attributable to the first and second fall, taking place in 1999 and 2000 respectively, were time barred by the one-year statute of limitations.

On April 16, 2004, Nagel commenced an action against Sykes Realty and Sykes Enterprises in the District of North Dakota, South Central District Court, Burleigh County. The complaint alleges fraud, deceit, and negligence. On May 13, 2004, Sykes Realty and Sykes Enterprises removed the action to United States District Court for the District of North Dakota on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Docket No. 1. Thereafter, Sykes Realty and Sykes Enterprises filed the present motion for partial summary judgment on May 31, 2005.

## II. STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Graning v. Sherburne County*, 172 F.3d 611, 614 (8th Cir.1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376 (8th Cir.1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed. R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. LEGAL DISCUSSION

### A. FRAUD AND DECEIT

The thrust of Nagel's fraud and deceit claim is that Sykes Enterprises employees, namely Rene Lafferty, Billie Peltz, and Cassandra Thompson, knowingly made false statements to Nagel concerning her ability to file a claim for workers' compensation benefits for her dental injuries in an effort to prevent Nagel from filing a timely workers' compensation claim. Specifically, Rene Lafferty, Billie Peltz, and Cassandra Thompson, allegedly informed Nagel that she was not entitled to receive workers' compensation benefits for her dental injuries. In reliance on those false statements, Nagel did not file a claim regarding the first or second fall occurring in 1999 and 2000. See Complaint, ¶¶ 7–8. Nagel ultimately filed a workers' compensation

der Revoking Dismissal and Order Awarding Specific Benefits" dated October 29, 2003, and "Workforce Safety and Insurance Amended Order Revoking Dismissal and Or-

der Awarding Specific Benefits" dated May 3, 2004. On December 22, 2004, WSI adopted ALJ Wezelman's decision. *See* Exhibit No. 2.

claim on February 22, 2002, but WSI determined that any claim regarding injuries sustained in connection with the 1999 or 2000 falls were time barred by the one-year statute of limitations. See Workforce Safety and Insurance Order, p. 17.

The North Dakota Supreme Court has recognized that fraud and deceit are "similar concepts." *Dewey v. Lutz*, 462 N.W.2d 435, 439 (N.D.1990) (citing *Olson v. Fraase*, 421 N.W.2d 820, 827 n. 3 (N.D. 1988)). Under North Dakota law, both concepts are governed by statute. See N.D. Cent.Code §§ 9–03–08 and 9–10–02. Technically, fraud under Section 9–03–08 of the North Dakota Century Code applies only when there is a contract between the parties, whereas deceit under Section 9–10–02 of the North Dakota Century Code applies when there is no contract between the parties. *Dewey v. Lutz*, 462 N.W.2d 435, 439 (N.D.1990) (citing *Hellman v. Thiele*, 413 N.W.2d 321, 326 (N.D.1987); *Ostlund Chemical Co. v. Norwest Bank*, 417 N.W.2d 833, 835–36 (N.D.1988)). "However, the conduct prohibited under the separate statutory definitions of fraud and deceit is substantially identical." *Dvorak v. Am. Family Ins. Co.*, 508 N.W.2d 329, 332 (N.D.1993).

██ It is well-established under North Dakota law that fraud[7] and deceit[8] require misrepresentation of facts, suppression of facts, misleading another, or promising without intending to perform. *Grandbois and Grandbois, Inc. v. City of Watford City*, 685 N.W.2d 129, 136 (N.D. 2004) (quoting *Schneider v. Schaaf*, 603 N.W.2d 869, 874 (N.D.1999)) (s added). It is not entirely clear from the pleadings whether Nagel is alleging fraud or deceit or both. While Nagel's claim is more appropriately characterized as one of deceit, the Court need not resolve that issue. It is clear from the undisputed evidence presented that Nagel's claim, under either theory of recovery, is flawed.

██ In the complaint, Nagel alleges that Sykes Enterprises employees Rene Lafferty and Billie Peltz told Nagel that her dental injuries would not be covered by workers' compensation knowing that to be untrue. See Complaint, ¶ 8. However, in her deposition, Nagel testified that she did not believe that either Rene Lafferty or Billie Peltz were lying to her. See Deposition of Susan Nagel, p. 382. In fact, Nagel believed that both were being truthful with her based upon their understanding of workers' compensation law. Id. at

---

7. Section 9–03–08 of the North Dakota Century Code reads as follows:

**Actual Fraud Defined.** Actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto or to induce him to enter into the contract:
1. The suggestion as a fact of that which is not true by one who does not believe it to be true;
2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though he believes it to be true;
3. The suppression of that which is true by one having knowledge or belief of the fact;
4. A promise made without any intention of performing it; or

5. Any other act fitted to deceive.

8. Section 9–10–02 of the North Dakota Century Code reads as follows:

**Deceit—Definition.** A deceit within the meaning of section 9–10–03 is:
1. The suggestion as a fact of that which is not true by one who does not believe it to be true;
2. The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;
3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
4. A promise made without any intention of performing.

382. Nagel simply claims that each was "misinformed" about the law. Id. The source of that alleged misinformation is not clear to Nagel, but she assumes that Sykes Enterprises is to blame. Id. at 382–383.

When viewed in a light most favorable to Nagel, there are no genuine issues of material fact with regard to her fraud/deceit claim. Nagel has presented no evidence to suggest that Lafferty or Peltz knowingly made false statements to Nagel to induce her into not filing a workers' compensation claim for her dental injuries sustained in 1999 and 2000. Neither Lafferty or Peltz have stated as such, nor does Nagel believe that to be the case. At most, Nagel has shown that Lafferty and Peltz unintentionally offered inaccurate information regarding workers' compensation coverage. However, inaccurate statements, in and of themselves, are not actionable under North Dakota law. See N.D. Cent.Code §§ 9–03–08 and 9–10–02. An essential element common to both fraud and deceit is that the defendant must make an assertion of fact which is not true believing it not to be true. That cannot be said for Lafferty or Peltz. Further, it must be established that such a statement was made in an attempt to induce another into altering his or her position, or enter a contract. See N.D. Cent.Code § 9–03–08 ("One who willfully deceives another with intent to induce him to alter his position to his injury or risk is liable for any damage he thereby suffers."). Again, that cannot be said for Lafferty or Peltz.

A third Sykes Enterprises employee, Cassandra Thompson, was included in the complaint for purposes of the fraud/deceit claim. As previously explained, Nagel alleged that Thompson also knowingly made false statements to Nagel concerning workers' compensation benefits. See Complaint, ¶¶ 7–8. However, Thompson is not mentioned in any of the pleadings outside the complaint. During her deposition, Nagel was specifically asked whether any other Sykes Enterprises employees, beyond Lafferty and Peltz, discussed workers' compensation benefits with her. Nagel did not identify Cassandra Thompson in response to that question. See Deposition of Susan Nagel, p. 384. As a result, any fraud/deceit claim against Thompson has been abandoned and is not supported by any evidence in the record.

In summary, without evidence showing that Lafferty or Peltz knew that dental injuries were recoverable under workers' compensation law, or that workers' compensation law carries a one-year statute of limitations, it cannot be said that either knowingly made false comments to induce Nagel into not filing a timely claim. There are no genuine issues of material fact in dispute as to the fraud/deceit claim and the claim for fraud/deceit fails as a matter of law.[9]

## B. NEGLIGENCE

Nagel also claims that Sykes Realty and Sykes Enterprises breached their duty to maintain and care for the premises surrounding the Sykes Enterprises building in Bismarck, North Dakota, by allowing snow and ice to accumulate outside of the building directly and proximately causing

9. In Nagel's response brief, she alleges a new theory of recovery for fraud, namely that Sykes Enterprises failed to comply with North Dakota law requiring employers to file injury reports. See Nagel's Answer Brief on Sykes' Motion for Summary Judgment, pp. 5–13. This allegation does not appear in the complaint. See Docket No. 1. In the complaint, the sole basis for the fraud/deceit claim was the allegedly false comments made by certain Sykes Enterprises employees regarding workers' compensation coverage. Nagel's new allegation is a separate and distinct theory of recovery that the Court will not consider at this late stage of the proceedings.

Nagel's falls. See Complaint, ¶¶ 4, 11–13. Sykes Realty and Sykes Enterprises seek summary judgment on the falls that occurred in 2000 and 2002, but concede that there are factual issues in dispute regarding the fall in 1999. See Defendant's Memorandum of Law in Support of Their Motion for Partial Summary Judgment, pp. 7–12. In response, Nagel has not expressed any objection to the dismissal of the 2000 and 2002 falls. See Nagel's Answer Brief on Sykes' Motion for Summary Judgment, p. 15. Nagel is satisfied with continuing to trial solely on the fall that occurred in 1999 which allegedly caused the majority of the damage to her teeth. As a result of that concession, as well as the failure to submit any argument or evidence in resistance to partial summary judgment on the falls in 2000 and 2002, Nagel has failed to create a genuine issue of material fact with regard to the two falls in 2000 and 2002. Thus, Nagel's negligence claims regarding the falls occurring in 2000 and 2002 fail as a matter of law. The sole remaining claim for trial is whether Sykes Realty and/or Sykes Enterprises acted negligently in allowing snow and ice to accumulate outside of the Sykes Enterprises building in Bismarck, North Dakota, causing Nagel's fall in 1999, with resulting injuries.

## III. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Partial Summary Judgment is GRANTED in part (Docket No. 30). The Plaintiff's motion entitled "Request for Oral Argument" is DENIED as moot (Docket No. 39).

IT IS SO ORDERED.